Texas Company of Puerto Rico, Inc., Plaintiff and Appellee, *v.* Municipality of Isabela, Defendant and Appellant.

No. 5951. Argued June 1, 1934.—Decided July 24, 1935.

934

 

*Bolívar Pagán* for appellant. *R. Castro Fernández* and *James R. Beverley* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

The complainant, Texas Co. of P. R., Inc., sought to recover from the Municipality of Isabela the value of certain supplies delivered to the municipality as part of a current account which was or developed into a stated account between the parties, amounting to $645.40. There is no question that the supplies were delivered and were approved by Secretary-Auditor of the Municipality. The defendant challenged the sufficiency of the authority of the said officer to make the contract binding, and relied on the case of the *Municipality of Río Piedras* v. *Serra Garabís & Co., Inc.,* 65 F. (2d) 691.

In that case the druggist of Río Piedras without other authority ordered drugs of Serra Garabís & Co., Inc. In the present controversy the Mayor of Isabela ordered the supplies and the secretary-auditor approved the account in letters to the Auditor of Puerto Rico. Gasoline was bought herein under the orders of the mayor for the use of the electric plant. Sections of the Municipal Law that appellee cites are as follows (Act No. 92 of 1925, pages 684, 686, 688):

"Section 8.—That all expenses incurred by the government of each municipality for . . . offices and departments, and . . . shall be paid by the respective municipalities, which shall have power to provide such funds as may be necessary therefor in accordance with the provisions of this Act.

"Section 9.—That municipalities shall have full legislative and administrative powers in all matters of a purely local nature and connected with public works, . . . public lighting, etc.

"Section 29.—(As amended by Act No. 98 of 1931, pages 594, 612, 614). The mayor shall be the chief executive. . .

"He shall supervise and superintend all municipal services.

". . . shall issue all such orders as may be necessary for the government of the municipality in accordance with the laws and municipal ordinances in force."

We have some idea that the facts might cause an estoppel while they did not in the *Serra Garabis* case, but we need not base our decision on that ground.

Section 38 of the Municipal Law, as amended by Act No. 92 of 1925, pp. 684, 714, provides:

"The municipal auditor shall have all the powers functions and duties, with regard to the municipality, as appertain to the Auditor of Porto Rico, . . . and he shall sign all warrants and orders of payment to be made out of all municipal funds."

Joint Resolution No. 3 of April 5, 1927, provides:

"WHEREAS, Certain municipalities of Porto Rico have incurred various indebtedness in past fiscal years, without available appropriations in their budgets and without having voted funds at the proper time for the payment thereof;

"WHEREAS, Such indebtedness was incurred without having complied with all the requisites provided by law, including in some cases that of a public call for bids;

"WHEREAS, The said indebtedness was contracted for certain public services and other administrative expenses,

"Now, THEREFOR, Be it resolved by the Legislature of Porto Rico:

"Section 1.—That the Auditor of Porto Rico and the municipal auditor of the respective municipalities, are empowered to authorize the payment of the indebtedness of the following municipalities. . . .

"Section 4.— . . . *Provided,* That the provisions of this Resolution shall be applicable also to any debts of the same kind as those above mentioned which may not be yet filed in the office of the Auditor of Porto Rico, but which may be submitted later to the said official, after the approval of this Resolution, provided the same shall have been incurred prior to July 1, 1926."

The appellant maintained that, in general, contracts should be approved by the municipal assemblies, and cites the sections it thinks applicable.

For the whole case our decision in *Santiago A. Panzardi & Co., S. en C.* v. *Municipality*, 46 P.R.R. 483, 484, is applicable. There we said:

"Assuming without holding that we may take judicial notice of these regulations, the fact that the order for the work done and for the supplies furnished by plaintiff was not certified by the municipal auditor, and the fact that other similar formalities prescribed by the said regulations had not been observed, did not invalidate the contract. *Municipality of Río Piedras* v. *Serra, Garabis & Co.*, 65 Fed. (2d) 691."

Here, however, the municipal auditor approved the account and the case is stronger.

Also we said in *Santiago* v. *Cuevas*, 41 P.R.R. 115–116, quoting from the syllabus:

"Where plaintiff's claim is based on a balance due from an open account and liquidated with the assent of the defendant, the fact that the plaintiff fails to furnish an itemized statement of the account is not prejudicial to the action, since in cases of account stated there is no necessity for proving such items, inasmuch as the cause of action in such cases is based upon a new agreement or promise arising from the acceptance of the liquidation."

And in the course of the opinion we cited 1 R.C.L. 220, sec. 21, as follows:

"Evidence tending to show that the parties met and settled up, and that a balance was struck and agreed upon, is admissible to prove an account stated, * * *"

This may tend to show a definite stated account.

The judgment should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.